UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KIRK ACREY,

        Plaintiff,

        v.                               Case No. 13-11214
                                         HON. TERRENCE G. BERG

FIRST NAME UNKNOWN (FNU)
ZESTO, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
## AND DIRECTING SERVICE UPON REMAINING DEFENDANTS

## I.  INTRODUCTION

This is a *pro se* civil-rights action filed by a federal prisoner under *Bivens v.*

*Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff Kirk Acrey is currently incarcerated at the Federal Correctional Institution

in Milan, Michigan ("FCI-Milan").  He filed this action on March 19, 2013, claiming

that he was denied medical care for his "diabetic neuropathy."[1]  He alleges that the

Defendants refused to give him a soft-shoe pass and a lower-bunk pass, as was

previously prescribed to him by medical staff at the United States Penitentiary in

---

[1] Plaintiff states he is diabetic and that he was diagnosed, prior to his sentencing, with neuropathy. Plaintiff also states that his condition causes him "constant pain."  Diabetic Neuropathy is defined as:  "Any of several clinical types of polyneuropathy seen with diabetes mellitus; there are sensory, motor, autonomical, and mixed varieties.  The most common kind is a chronic condition called symmetrical sensory polyneuropathy; it affects first the nerves of the lower limbs and often autonomic nerves; pathologically, there is segmental demyelination of peripheral nerves.  An uncommon acute form is the ischemic variety, accompanied by severe pain, weakness, and wasting of proximal and distal muscles, peripheral sensory impairment, and loss of tendon reflexes.  With autonomic involvement there may be orthostatic hypotension, nocturnal diarrhea, retention of urine, impotence, and small diameter of the pupils with sluggish reaction to light."  Dorland's Illustrated Medical Dictionary 1287 (32nd ed. 2012).

Marion, Illinois ("USP-Marion"). Plaintiff names the following as Defendants: (1) First Name Unknown (FNU) Zesto, Medical Director at FCI-Milan; (2) Dr. FNU Malatinsky, physician at FCI-Milan; (3) J. A. Terris, Warden at FCI-Milan; (4) J. S. Walton, Former Warden at FCI-Milan; (5) Paul M. Laird, Director of the Bureau of Prisons; (6) Harrell Watts, Administrator of National Inmate Appeals; and (7) the United States of America. Plaintiff seeks, among other things, monetary damages.

Having reviewed the complaint, and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court will dismiss the claims against all Defendants except for Zesto and Malatinsky, for failure to state a claim upon which relief may be granted. In a separate order (Dkt. 6), the Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

## II. BACKGROUND

In his complaint, Plaintiff states that he was diagnosed, prior to his sentencing, with neuropathy by a "Dr. Blumenthal," who informed Plaintiff that without proper treatment, he would be in jeopardy of having an amputation (Dkt. 1, Compl. 5).

On November 13, 2008, while incarcerated at USP-Marion, a "Dr. Zoke" allegedly issued Plaintiff a lower-bunk pass and a soft-shoe pass. (*Id*.). Plaintiff does not state what, if any, other treatment was prescribed by the medical staff at USP-Marion.

When he arrived at the FCI-Milan, Plaintiff states that he met with Dr. Malatinsky, Mr. Zesto, and others regarding his condition. (*Id*.) He claims that

they deliberately denied him the proper medical care for his neuropathy. (*Id.*) Consequently, Plaintiff states that he is in constant pain and experiences bruising and nightly swelling in his legs (*Id.* at 5, 11, 15). Plaintiff further alleges that he was told by non-defendant "Mr. Wacha," purportedly the Head Nurse at FCI-Milan, that all insulin-dependent diabetics should have a soft shoe pass (*Id.* at 15). Plaintiff also states that both Mr. Wacha and another non-defendant, "Mr. Ups," purportedly a physician's assistant at FCI-Milan, stated that Plaintiff has a serious medical need for a soft-shoe pass and should have a soft-shoe pass, but that it was "out of their hands." (*Id.* at 11, 15-16).

Arguing that he was denied proper medical care at FCI-Milan, Plaintiff filed grievances, which were subsequently denied by Defendants Walton, Laird, and Watts. Despite Plaintiff's admission that the denials were "based on teh [sic] previous data that was generated as a result of deliberate indifference" (*Id.* at 6), and Defendant's stated-deference to the medical staff at FCI-Milan (*Id.* at 10, 12, 14), Plaintiff claims that Defendants Laird, Watts, Walton, and Terris could have "forced" the "Staff's hand" and ordered the necessary medical care through the administrative-remedy process. (*Id.* at 6). Plaintiff asserts that such failures constitute a violation of his Eighth Amendment rights. (*Id.* at 6-7).

### III.  DISCUSSION

### A.  Standard of Review

Under the Prison Litigation Reform Act (PLRA), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

3

determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B); 42 U.S.C. § 1997e(c).  However, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are "clearly baseless"—i.e., irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Cognizant of that, the Court now analyzes the sufficiency of Plaintiff's complaint.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555-56 (citations and footnote omitted).

To state a federal civil-rights claim, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution

4

or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## B.  Sovereign Immunity Bars Claims Against the United States of America

Plaintiff's action against the United States of America must be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1996) (citations omitted).  Therefore, a *Bivens* cause of action cannot be brought against the federal government or a federal agency.  *Id.* at 483-86.  Plaintiff's claims against the United States of America are barred by the doctrine of sovereign immunity.  *See Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).

## C.  Plaintiff Fails to State a Claim Against Defendants Terris, Walton, Laird, and Watts

As an initial matter, Defendants Terris, Walton, Laird, and Watts ("non-medical Defendants") cannot be held liable for alleged misconduct by other defendants.  It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under section 1983.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978) (section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not sufficiently alleged that any of the non-

medical defendants were personally involved in the decision to deny him the medical accommodation he sought. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) (conclusory allegations are insufficient to state a civil-rights claim under § 1983). Any allegations that any of the non-medical Defendants failed to properly supervise another employee, should be vicariously liable for another employee's actions or inaction, or did not properly respond to the situation are insufficient to state a claim under section 1983. *See*, e.g., *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'").

Additionally, the denial of a plaintiff's request for an administrative remedy does not, by itself, constitute deliberate indifference. *See Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003) (citing *Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2, 14 F. App'x 307, 309 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Plaintiff has not offered any factual allegations suggesting that the non-medical Defendants took any other action beyond the denial of Plaintiff's grievances. As a result, Plaintiff's complaint does not support the claim that these Defendants violated the Eighth Amendment.

Further, to the extent that Plaintiff may have intended to allege a violation of his First Amendment right to file a meaningful grievance against the non-medical Defendants, or the failure to adequately respond to his concerns, his claims must be dismissed. The First Amendment guarantees "the right of the people . . . to petition

6

the Government for a redress of grievances."  U.S. Const. amend. I.  However, while a prisoner "has an undisputed First Amendment right to file grievances against prison officials on his own behalf," *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citation omitted), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances.  *Smith v. Arkansas Highway Emp., Local 1315*, 441 U.S. 463, 464-65 (1979) (footnote omitted); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (finding that a citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on a citizen's views).

Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure.  *See e.g.*, *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (citations omitted). Thus, to the extent that Plaintiff is dissatisfied with the non-medical Defendants' responses to his complaints or grievances, he fails to state a claim upon which relief may be granted.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)).

Accordingly, Plaintiff's claims against the non-medical Defendants must be dismissed.

### D.  Claims Against Defendants Zesto and Malatinsky
### Survive PLRA Screening

Having reviewed the complaint, and considering the pleading standard for *pro se* actions, however, the Court finds that Plaintiff's Eighth Amendment, deliberate indifference claims against Defendants Zesto and Malatinsky are not subject to summary dismissal.  *See*, e.g., *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment).  While Plaintiff may not ultimately prevail on these claims, he pleads sufficient facts to state a civil-rights claim at this stage of the proceedings. Accordingly, service of the deliberate indifference claims upon Defendants Zesto and Malatinsky is warranted.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against the non-medical Defendants and the United States of America.  Plaintiff's claims against those Defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's deliberate indifference claims against the remaining Defendants, Zesto and Malatinsky, are not subject to summary dismissal.  Accordingly, the Court directs that a copy of the complaint and a copy of this order be served upon those Defendants by the United States Marshal without prepayment of costs.

8

Finally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

**SO ORDERED**.

Dated:  June 26, 2013                                  s/Terrence G. Berg
                                                       TERRENCE G. BERG
                                                       UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 26, 2013, using the CM/ECF system; a copy of this Order was also addressed to Plaintiff's attention and mailed to FCI-Milan.

                                                       s/A. Chubb
                                                       Case Manager